## ASA SMITH

### *v.*

## ADDISON GOODELL.

SWAMP LANDS—*pre-emption of.* Where the selection of swamp lands, under the act of Congress of September 28, 1850, had been approved by the officers of the government, and a patent issued to the State therefor under the act of Congress approved March 3, 1857, although the patent was not in fact issued until July 11, 1866: *Held,* that the patent related back at least to the date of the approval of the selection, and consequently the lands embraced in such transfer, whether in fact swamp land or upland, were not subject to pre-emption after that date, as the United States had parted with its title.

APPEAL from the Circuit Court of Iroquois county; the Hon. CHARLES H. WOOD, Judge, presiding.

Mr. E. H. BRACKETT, and Mr. L. RILEY, for the appellant.

Mr. D. D. EVANS, for the appellee.

Mr. JUSTICE BREESE delivered the opinion of the Court:

The land in controversy was selected by the county of Vermilion as swamp land, in 1854, under the act of Congress of September 28, 1850, and the selection approved and confirmed by the proper officers of the government of the United States, and a patent issued to the State therefor in pursuance of the act of Congress approved March 3, 1857.

The State, by an act passed 14th of February, 1859, placed the whole subject of the disposition of these lands under the exclusive control of the several counties in which they were situate.

It appears the patent from the United States to this State did not actually issue until the 11th day of July, 1866, which fact was certified to Vermilion county by the Auditor of Public Accounts in September following. On the 5th of January, 1867, the county of Vermilion sold this land, at public sale, to Francis M. Young. Young conveyed to Goodell, appellee, on the 25th of February, 1870.

The patent from the United States to the State related back at least to the date of the approval of the selection of the land as swamp land, which was March 3, 1857.

Appellant does not claim to have entered upon this land before the 15th of August, 1865, at which date the United States had no interest in the land subject to sale, or pre-emption by any one. The entire interest was, by acts done under the law, in the State. It matters not, in this controversy, whether the land was swamp land or high up-land. It has been patented to the State, and that disposes of the title.

Appellant does not appear to have complied with any of the requirements of the several acts of Congress as to pre-emptions and homestead    He has a bare possession, and

that taken after the United States ceased its ownership over the land.

We perceive no equity in appellant's case, and affirm the decree dismissing the bill.

*Decree affirmed..*