———o———

JAMES CAMPBELL, Respondent, vs. ALBERT N. WORTMAN, et al., Appellants.

1. *Swamp lands— Act Sept. 28,1850, effect of—Neglect of officers.*—The act of Congress of Sept. 28, 1850, to enable the State of Arkansas and other States to reclaim the swamp lands within their limits, constituted a present grant vesting an absolute title in the State of Missouri to such lands, without issue of patent; (H. & St. J. R. R. vs. Smith, 41 Mo., 310 ; S. C., 9 Wall., 95 ; Clarkson vs. Buchanan, 53 Mo., 563,) and after the act took effect the power of disposal in the general government was gone. If its officers, by inadvertence, again sold and conveyed the land, the purchaser under them would take no title, because the government had no title to convey.

*Appeal from Adair Circuit Court.*

*DeFrance & Halliburton*, for Appellants.

I. The act of Sept. 28, 1850, was by its terms an absolute grant of all swamp lands, and if this land was actual swamp land, which fact is undisputed, so far as the evidence is concerned, then whether the defendants have title or not, the plaintiff cannot recover, having no legal title. (9 U. S. Stat. at Large, 519, § 1; Hann. & St. Joe. R. R. vs. Smith, 9 Wall., 95 ; Clarkson vs. Buchanan, 53 Mo., 563.)

*Harrington & Cover*, for Respondent.

Campbell v. Wortman, et al.

WAGNER, Judge, delivered the opinion of the court.

The decision in this case rests entirely upon the question whether the Act of Congress 1850, to enable the State of Arkansas and other States, to re-claim the swamp lands within their limits conferred a present or vested grant of the lands to the States in which they were situated, or whether some further and ulterior action upon the part of the government officers was necessary to render the act effective.

The court refused to instruct the jury that if they believed from the evidence that the lands sued for were, on the 28th day of September, 1850, swamp or overflowed lands, and thereby rendered unfit for cultivation, then the act of Congress of that date, was a present absolute grant thereof to the State of Missouri, and they were by the act of the legislature of Missouri of 1851, conveyed to Adair County, and the plaintiff had no title.

From the record it appears that defendant's ancestor, from whom they derive title, was in possession of the land in controversy prior to 1853, and that the same was actual swamp land and was selected as such by the commissioner of swamp lands for Adair County in that year.

In the year 1855, under a preference given to him by the County Court, defendant's ancestor bought the land of the county as swamp land, and received a certificate of purchase therefor, and afterwards, in the same year, made full payment, but did not obtain his patent from the county till 1871.

In the year 1857, plaintiff's grantor entered the land at the United States land office at Milan, and in 1860, he received a patent from the general government. In 1873, plaintiff, who claims under this last patent, instituted this proceeding in ejectment to recover the premises. If the act of 1850, was a present grant, then it vested the fee in the State, and any subsequent sale, grant or patent by the government was a mere nullity.

The question here presented has been repeatedly before the courts.

In the case of the Hann. & St. Joe. R. R. vs. Smith, (41 Mo., 310,) it was decided that the act operated as a reservation on subsequent grants, and that in a suit by a government grantee, claiming under an after acquired title, it was competent to prove by parol testimony in defense, in an action of ejectment, that the land sued for was swamp and overflowed land, made thereby, unfit for cultivation, so as to bring it within the terms of the grant or reservation of the act of September 28, 1850, although the lists and plats to be made by the secretary of the Interior, provided for in the act, had not been made and transmitted to the governor, and no patents had issued.

This case was affirmed on appeal to the Supreme Court of the United States, and in the latter tribunal it was held, that the act concerning swamp and overflowed lands conferred a present vested right to such lands, though the subsequent identification of them was a duty imposed upon the secretary of the Interior. The court went further and declared, that although the act devolved the duty on the secretary of ascertaining the character of the lands, and furnishing the evidence to the State, yet the State would not lose the land, because that officer had neglected the performance of his duty. The right of the State did not depend on his action, but upon the act of Congress, and as the officer had no satisfactory evidence under his control to enable him to make out the lists, but was under the necessity of relying upon the personal observation of others, the same kind of testimony was competent, when the issue was made in a court of justice, and that it might be shown by parol that the land was swamp or overflowed. (Hann. & St. Joe. R. R. vs. Smith, 9 Wall., 95.)

In the case of Clarkson vs. Buchanan, (53 Mo., 563,) the same act of Congress was again before this court, and it was there held in accordance with the above authorities, that it constituted a present grant, vesting an absolute title to the swamp lands in the State of Missouri, without the issue of a patent.

The evidence in this case is undisputed. There is no question about the lands in this controversy being swamp or over- flowed lands, and as such coming within the grant contained in the act of Congress. When the act took effect it vested the title to the lands in the State, and the power of disposal of the general government was gone. If its officers, by inadvertence, again sold and conveyed the land, the purchaser under them would take no title, because the government had no title to convey. The defendant's ancestor had paid for the land and received his certificate of purchase long before plaintiff's grantor made his entry at the land office.

The county at that time possessed the title, and when he obtained the patent he acquired all the rights of the county and his title was complete.

For these reasons the judgment of the Circuit Court must be reversed and the cause remanded; all the judges concurring.