CHARLOTTE MORGAN, Respondent, *vs.* THE HANN. & ST. JO. R. R. Co., Appellant.

1. *Covenant of warranty, suit on—Land titles—Voluntary dispossession—Hann. & St. Jo. R. R. swamp land grant of 1850, etc.*—Actual dispossession of the covenantee, under a judgment, is not necessary to enable him to sue on his covenant of warranty. But in all cases of voluntary dispossession, the burden of proof is on him to establish the adverse paramount title to which he has yielded; and it should appear that the possession was surrendered only after claim or demand therefor. Where suit on such covenant was brought against the Hann. & St. Jo. R. R. Co., and it appeared that prior and subsequent to the act of congress of 1850, known as the swamp land grant, the land was partially covered with water, and plaintiff had voluntarily surrendered it to the county of Livingston; but there was no proof to show that it was ever selected as swamp land under the provisions of that act, or that it had ever been confirmed or patented to the State, plaintiff could not recover. And such would be the case, even though under the act of congress of June 10th, 1852, the land was in fact exempted from the grant to defendant. It would not follow therefrom that the title to the land was necessarily in the county.

*Appeal from Livingston Circuit Court.*

*Carr, Hall & Oliver,* for Appellant.

*W. C. Samuels,* for Respondent, cited Clarkson vs. Buchanan, 53 Mo. 563, and authorities there cited.

HOUGH, Judge, delivered the opinion of the court.

On the 8th day of August, 1865, the defendant sold and conveyed to the plaintiff, with covenants of general warranty, forty acres of land in the county of Livingston.

On the 12th day of May, 1871, the county of Livingston, claiming to own the same under the swamp land grant, conveyed said land to one J. H. Drake, to whom, as holding the paramount title, the plaintiff surrendered the possession without suit, and brought the present action to recover damages for a breach of the defendant's covenant of warranty.

There was a finding and a judgment for the plaintiff, and defendant has appealed to this court.

It is contended here that the plaintiff should not have had judgment, as no eviction was shown. Actual eviction, that is an actual dispossession by process of law consequent upon a judgment, is not necessary in order that a covenantee may maintain an action for breach of the covenant of warranty. In the language of

9—VOL. LXIII.

Justice Gibson, in Clark vs. McAnulty (3 Serg. & Rawle, 372), " The law does not require the idle and expensive ceremony of being turned out by legal process when that result would be inevitable."

In all cases, however, of voluntary dispossession, or *ouster in pais*, where there has been no judgment, the burden of proof is upon the covenantee to establish the adverse paramount title to which he has yielded ; and the possession should only be surrendered after claim or demand made therefor.

In. the case at bar the plaintiff has wholly failed to show that the paramount title was in Drake, or in his grantor, the county of Livingston. Testimony was offered to show that the land was wet, and for a long time prior and subsequent to the passage of the act of congress in 1850, known as the swamp land grant, was partially covered by water. But there was no testimony tending to show that it was ever selected as swamp land under the provisions of that act, or that it had ever been confirmed or patented to the State. (Clarkson vs. Buchanan, 53 Mo. 563.) It was necessary, so far as the county and its grantees are concerned, that the subject matter of the swamp land grant should have been in some way ascertained and made certain, and it does not appear that this was ever done, as to the tract in question. It may be conceded on the authority of Hann. & St. Jo. R. R. vs. Smith (41 Mo. 310), and subsequent decisions in this State, and by the Supreme Court of the United States, that the land in question was exempted from the grant made to the defendant by the act of congress of June 10th, 1852, but that is not of itself sufficient to warrant a recovery in a case like the present. It does not necessarily follow that because it was exempted from the defendant's grant, it was the property of Livingston county, Drake's grantor. It is quite evident from the acts of congress of March 2d, 1855, and March 3rd, 1857, that the land in question could be and may have become the property of some other person than the county, notwithstanding the grant in the act of September, 1850, and, as there was no eviction under legal process, it clearly devolved upon the plaintiff to show that the person to whom he voluntarily surrendered the possession, held the legal and paramount title to the land. A surrender to any other person would not constitute such an *ouster in pais* as would warrant a recovery in this action.

As it was not made to appear that Drake had the paramount title, the judgment must be reversed and the cause remanded. Judges Napton and Sherwood concur. Judges Wagner and Vories absent.