## HANNIBAL & ST. JOSEPH R. R. CO. APPELLANT, v. SNEAD.

**Ejectment**: RAILROAD GRANT: SWAMP LAND GRANT: EVIDENCE OF TITLE. As against a plaintiff claiming title to land under the railroad grant of Congress to the State of Missouri (10 U. S. Stats. 8) it is a sufficient defense in ejectment, if it is shown that the land was swamp and overflowed land within the meaning of the act of Congress granting such lands to the several States (U. S. R. S. p. 456 §§ 2479–2481), whether the proper steps have been taken to perfect the defendant's title or not. Swamp lands are excepted from the operation of the railroad grant.

*Appeal from Livingston Circuit Court.*—HON. JONAS J. CLARK.

*James Carr* for appellant.

*H. M. Pollard* for respondent.

HOUGH, J.—This was an action of ejectment, and the record of the cause is evidently defective. The pleadings and a portion of the instructions would seem to indicate that the plaintiff and the defendant both claimed title under the county of Livingston. But in the bill of exceptions it appears, that the only title set up by the plaintiff at the trial was under the Act of Congress of June 10th, 1852, granting the right of way to the State of Missouri, and a portion of the public lands to aid in the construction of certain railroads in said State. The defendant claimed

title under the county of Livingston, which undertook to convey the same as part of the swamp lands granted to the State by the Act of Congress of September 28th, 1850, and to the counties in which they were situate by the act of Assembly of December 13th, 1855. There was testimony tending to show that the land in controversy was swamp and overflowed land within the meaning of the Act of Congress of September 28th, 1850. The defendant had judgment and the plaintiff has appealed. If the lands in question were swamp lands, they were excepted from the grant made by the Act of Congress of June 10th, 1852, and the plaintiff had no title and could not recover. Whether the proper steps had been taken to vest the title in the county of Livingston, it is needless to inquire. The question whether the lands sued for were swamp lands, was submitted to the jury under appropriate instructions, and their finding will not be disturbed. It is perhaps wholly unnecessary to remark that this case is unlike the case of *Morgan v. R. R.*, 63 Mo. 129. There it devolved upon the plaintiff to show title in the county, and it was held that while proof that the lands were swamp excepted them from the railroad grant, such proof was not of itself sufficient to show that the title had vested in the county. The judgment will be affirmed. All the judges concur.

AFFIRMED.