CONKLIN v. HANNIBAL & ST. JOSEPH RAILROAD COMPANY APPELLANT.

**Measure of Damages for Breach of Covenant of Seizin**: When there has been neither actual eviction nor *ouster in pais*, under a paramount title, nominal damages only can be recovered for breach of a covenant of seizin.

*Appeal from Macon Circuit Court.*—HON. JOHN W. HENRY, Judge.

*James Carr* for appellant.

There was no evidence of any demand or any assertion

of title on the part of Macon county. The respondent was in possession under his deed from appellant, and time was gradually and surely building him up a title; and if he had remained in possession, Macon county might never have asserted her title, even if she had one, which is most emphatically denied, and in this way he might have acquired a perfect title.

*Albert F. Foster* and *W. H. Sears*, for respondents, cited *Rawle on Cov. Tit.* (4 ed.) 84, 235, 237; *Owens v. Jackson*, 9 Cal. 322; *Summers v. Dickinson*, Ib. 554; *Kernan v. Griffith*, 27 Cal. 87; *Clarkson v. Buchanan*, 53 Mo. 563; *Han. & St. Jo. R. R. Co. v. Smith*, 9 Wall. 95.

HOUGH, J.—On the 30th day of July, 1870, the defendant, for and in consideration of the sum of $305.53, sold and conveyed in fee to the plaintiff, Mary Conklin, wife of Daniel Conklin, forty acres of land in Macon county. Defendant covenanted that it was seized of an indefeasible estate in fee simple in said land, and the present action was brought for an alleged breach of that covenant. The plaintiff recovered judgment for $375.73, and the defendant has appealed. It appears from the record that in March, 1873, the plaintiffs surrendered without suit, the possession of said premises to one Austin, who claimed to own the same by purchase from Macon county. In order to show title in Macon county, testimony was offered to show that the land in question was swamp land, within the meaning of the act of Congress of September 28th, 1850, but there was no testimony tending to show that it had ever been selected as swamp land under the provisions of that act. The plaintiffs therefore failed to show that the person to whom they surrendered possession, held the paramount title, and on the authority of *Morgan v. The Han. & St. Jo. R. R.* 63 Mo. 129, their right to recover would be denied, if this were a suit upon the covenant of warranty. The present action, however, was for a breach of the covenant of seizin, and as the testimony was sufficient to show that the land in

question was excepted from the grant made to the defendant by the act of June 10, 1852, under which it claimed title, and there was consequently a breach of that covenant, the plaintiff was entitled to recover; but as the possession of the land passed, with the deed, to the plaintiffs, in the absence of testimony showing either actual eviction or *ouster in pais*, their recovery must be limited to nominal damages. *Collier v. Gamble,* 10 Mo. 466; *Dickson v. Desire's* adm'r, 23 Mo. 151; *Cockrell v. Proctor*, et al. *supra*, p. 41. The judgment of the circuit court will therefore be reversed and the cause remanded. The other judges concur, except Judge HENRY, not sitting.

REVERSED.