BIRCH v. GILLIS, *Appellant.*

**Swamp Lands:** LAND TITLES: EJECTMENT. Proof that a tract of land is swamp land within the meaning of the swamp land grant of Congress, of September 28th, 1850, without evidence that it has ever been selected as such, is no bar to an action of ejectment for the land brought by one holding a patent from the United States.

*Appeal from Holt Circuit Court.*—HON. HENRY S. KELLEY, Judge.

*C. A. Mossman* for appellant, contended that parol evidence was admissible to show that the land was swamp and overflowed. First. Because the plaintiff in ejectment must stand on his own title, and if he has none, he can have no standing in court to disturb defendant's possession. *Hann. & St. Jo. R. R. v. Smith,* 41 Mo. 310; *Foster v. Evans,* 51 Mo. 39; *Cape Girardeau, &c. v. Renfroe,* 58 Mo. 265; *Beal v. Harmon,* 38 Mo. 435; *McGill v. Somers,* 15 Mo. 80; *Robbins v. Eckler,* 36 Mo. 494. 2nd. To invalidate the patent issued to the plaintiff by identifying the land as swamp and overflowed land, the title to which had passed to the State by the act of Congress of September 28th, 1850, after which time the power of disposal in the general government was gone. *Campbell v. Wortman,* 58 Mo. 258; *Clarkson v. Buchanan,* 53 Mo. 563; *Linville v. Bohanan,* 60 Mo. 554; *Hann. & St. Jo. R. R. Co. v. Smith,* 9 Wall. 95. 3rd. If the act of Congress of September 28th, be considered to have had no greater effect than to reserve swamp and overflowed lands from sale, such evidence, by identifying the lands, brought them within such reservation, after which they could not be disposed of by the general government, and an entry of or a patent for said land would be void. *Hann. & St. Jo. R. R. Co. v. Smith,* 41 Mo. 310; *State v. Ham,* 19 Mo. 602; *Brown v. Clements,* 3 How. 667; *Stoddard v. Chambers,* 2 How. 284; *Wright v. Rutgers,* 14 Mo. 586; *Morton v. Nebraska,* 21 Wall. 660. 4th. It was admissible under either construction placed on the act of

Congress of September 28th, 1850; by either construction of said act, if these lands were proven to be of the character described in said act, the plaintiff's patent was a nullity. If a nullity, defendant had the right to show it. *Morton v. Nebraska*, 21 Wall. 660; *State v. Batch l ler*, 5 Minn. 223; *Doll v. Meador*, 16 Cal. 295; *Polk v. Wendell*, 9 Cranch 99; *Campbell v. Wortman*, 58 Mo. 258; *Hann. & St. Jo. R. R. Co. v. Smith*, 41 Mo. 310. 5th. It was admissible to show an outstanding title. *Gurno v. Janis*, 6 Mo. 330; *Meyer v. Campbell*, 12 Mo. 603; *Norcum v. Doench*, 17 Mo. 98; *Callaway v. Fash*, 50 Mo. 420.

*E. L. Edwards & Son* for respondent, contended that the fact the land was wet or overflowed land, will not prevail against a patent of the United States, unless it has been selected as swamp land, and there was no evidence that the land in controversy had ever been selected as such.

Hough, J.—This was an action of ejectment for land lying in Holt county, in which the plaintiff had judgment, and the defendant has appealed. The plaintiff read in evidence a patent from the United States for the land in controversy, dated December 1st, 1859. The defendant offered no evidence whatever of title in himself, but sought to show an outstanding title in the county of Holt, by testimony tending to prove that the land in question was swamp land within the meaning of the act of Congress of September 28th, 1850, known as the swamp land grant. Conceding that the defendant was in a position to make such a defense, he not only made no offer to show that said land had ever been selected as swamp land, or in any manner identified as being included in the swamp land grant, but, on the contrary, he stated on the trial that he could not show any identification of the land as swamp land under the act of 1850. Some testimony of this character was necessary in order to show title in the county. *Morgan v. Han. & St. Jo. R. R.*, 63 Mo. 129. The

circuit court held that the title was in the plaintiff by virtue of the patent read in evidence, and that he was entitled to recover, and we think its ruling was correct. Judgment affirmed; the other judges concur, except SHERWOOD, C. J., absent.

AFFIRMED.