STEPHENSON v. STEPHENSON, *Appellant.*

1. **Swamp Lands.** The fact that a tract of land was swamp land on the 28th day of September, 1850, is not of itself sufficient to confer title upon the State, or the county claiming by grant from the State. It is necessary, in addition, that it shall have been selected as swamp land and the selection approved by the Secretary of the Interior, or if not so approved, the tract must fall within the provisions of the act of Congress of March 3rd, 1857.

2. ———: CERTIFICATE OF REGISTER OF LANDS AS EVIDENCE. A certificate from the Register of Lands showing that a particular tract is on the list of swamp lands in his office, is no evidence of title in the county (as provided by section 9, page 868, Wagner's Statutes), unless it further shows that the tract has been approved as swamp land by the proper authorities of the United States.

*Appeal from Macon Circuit Court.*—HON. JOHN W. HENRY, Judge.

REVERSED.

*Geo. W. Easley* for appellant.

*Henry Flanagan* and *W. H. Sears* for respondent.

HOUGH, J.—This was an action of ejectment. The plaintiff claimed title under the swamp land grant of September 28th, 1850, and the defendant under the railroad grant of June 10th, 1852. The case was tried on the theory that it was only necessary for the plaintiff to show that the land sued for was in fact swamp land on the 28th day of September, 1850. The fact that it was swamp land at that date within the meaning of the act of Congress, would be sufficient to show that it was not included in the railroad grant of 1852. But that fact was not of itself sufficient to confer title upon the State, or the county claiming by grant from the State. In order that the title might vest in the county, it was necessary that the tract in question should have been selected as swamp land, and such selection must have been approved by the Secretary of the In-

terior, or if not so approved, the tract must fall within the provisions of the act of Congress of March 3rd, 1857. No claim was made under the act of 1857, but a certificate of the Register of Lands was offered in evidence, bearing date June 9th, 1874, to the effect that the land sued for was on a list of swamp lands in Macon county, on file in his office. This certificate, however, fails to show that said land had ever been confirmed as swamp land, but on the contrary, it shows that it had been " approved to the railroad." This certificate, therefore, could not be *prima facie* evidence of title in the county, as provided in section 9, 2 Wagner's Statutes, page 868. The lists referred to in this section, are lists of swamp lands which have received the approval of the proper authorities of the United States. The judgment of the circuit court must be reversed and the cause remanded. All concur, except HENRY, J., not sitting.