The Iowa Railroad Land Co. v. Antoine.

1. **Public Lands**: EVIDENCE. In an action at law to recover certain lands the plaintiff claimed title under a railroad grant and introduced in evidence the commissioner's certificate, approved by the secretary of the interior: *Held*, that parol evidence was not admissible to impeach plaintiff's title by showing that the land was in fact swamp, and hence passed under the prior swamp land grant.

*Appeal from Clinton District Court.*

THURSDAY, DECEMBER 4.

ACTION at law to recover real estate. A demurrer to the third division of the answer was sustained, and the defendant appeals.

*A. R. Cotton*, for appellant.

*E. S. Bailey*, for appellee.

SEEVERS, J. The plaintiff claims title under the acts of Congress known as the railroad grant. The evidence of title attached to its petition consists of a certificate of the commissioner of the general land office, approved by the secretary of the interior.

In the third division of the answer the defendant claimed to be the absolute owner of the land in question under the act of Congress known as the swamp land grant. It was not averred or claimed he had a patent or any other evidence of title emanating from the government except the act of Congress, and he claimed the right to prove by parol the swampy

character of the land, and thus defeat the title of the plaintiff The demurrer was on the ground, among others, that this could not be done in an action at law, and this is the only question we are called on to determine. Whether the plaintiff has such a title as will enable it to recover is not in the case, although it has been argued by counsel.

The certificate granted by the proper officers does not purport to conclusively determine whether the land passed under the grant or not. It is possible this would remain an open question if a patent had issued instead of the certificate, if it was claimed the land had passed under the swamp land grant. *Fremont County v. B. & M. R. R. Co.*, 22 Iowa, 91, and other cases. But this question is not properly before us, nor are we called on to determine whether the character of the lands could be shown in an action in equity for the purpose of defeating a title evidenced by patent or the certificate aforesaid. That such evidence is not admissible for that purpose in an action at law was determined, as we understand, in *French v. Fyan et al.*, 93 U. S., 169. This being true we are required to follow such ruling, whether it fully accords with our views or not.

The only distinction between that case and the present is that in the former a patent had issued and in the latter the certificate. But this we think makes no difference. The Government has acted and vested at least an apparent right or title in the plaintiff's grantor, and we do not think such title or right, under the ruling in the cited case, can be avoided in an action at law by parol evidence.

In reference to *Railroad Co. v. Smith*, 9 Wall., 95, it is sufficient to say that it was distinguished in *French v. Fyan et al.* Whether sufficiently so it is not necessary for us to inquire. We simply follow the latest decision of the Supreme Court of the United States on a question as to which said court is the final arbiter.

AFFIRMED.