## PALMER v. BOORN, *Appellant.*

**Swamp Lands.** In the absence of evidence that the Secretary of the Interior has neglected or refused to decide whether a tract of land, in controversy in an action of ejectment, is swamp or overflowed land, or not, within the act of congress of September 28th, 1850, the defendant will not be permitted to show, by parol evidence, that it falls within that act, for the purpose of defeating a title held under the railroad land grant of congress of June 10th, 1852.

*Appeal from Livingston Circuit Court.*—HON. E. J. BROADDUS, Judge.

AFFIRMED.

*John M. Voris* and *Mead* for appellant.

*Charles H. Mansur* for respondent.

MARTIN, C.—The plaintiff, on the 18th day of February, 1879, sued in ejectment for the recovery of forty acres of land in Livingston county. The petition was in the usual form, and the answer consisted of a general denial. The evidence produced at the trial is supplied by a statement in the bill of exceptions of its tendency and import.

It is recited that the plaintiff introduced evidence tending to prove a title in himself under the act of congress of June 10th, 1852, granting lands to the State of Missouri for the construction of certain railroads, and the statute of the State of September 20th, 1852, transferring such grant to the Hannibal & St. Joseph Railroad. No patent for these railroad grants was required or contemplated in the acts of congress under which they were made. A descriptive list certified to the State by the Commissioner of the General Land Office, containing the intended lands, together with a map of the definite location of the railroad route, constituted the evidence of title as provided for in the acts of congress. Under the statement of evidence in the bill

of exceptions, it must be assumed that evidence was submitted of such a list, as well as any other evidence required by the acts of congress to perfect the title in the State for railroad purposes. It must be taken that the plaintiff submitted evidence sufficient to make out a *prima facie* case under the acts of congress. Nothing more than this can be assumed.

To rebut this case the defendant produced oral evidence tending to prove that the land sued for was swamp and overflowed land within the meaning and provisions of the act of congress entitled "An act to enable the State of Arkansas and other states to reclaim the swamp lands within their limits," approved September 28th, 1850, and within the meaning of the acts of the general assembly, granting swamp and overflowed lands to the counties in which they lie, approved March 3rd, 1851, and December 13th, 1855. He offered no evidence of any purchase from the State or county, or of any selection of the land in dispute as swamp land by the Secretary of the Interior, or of any purchase or location from the United States, but relied entirely upon his possessory title and the right incident to it of impeaching the validity of the title asserted against him.

The court, at the instance of the plaintiff, gave the following instruction or declaration of law: "There being no evidence to show that the land in suit has ever been selected as swamp or overflowed land, the evidence offered, tending to prove the said land was swamp or overflowed, does not constitute such an outstanding title as will defeat the plaintiff's recovery."

The court refused an instruction asked by defendant to the effect that evidence proving that the land was swamp and overflowed excepted it from the railroad grants and left the plaintiff with no title under the railroad acts. Judgment was rendered for plaintiff, and the defendant brings the case before us on appeal.

It will be seen from the foregoing statement that the controversy is between a party claiming title under the rail

road grants, and a party in possession, who, without attempting to make out a title to himself under the swamp land acts, seeks to defeat the suit against him by proving that the land was "swamp and overflowed" within the meaning of said acts, and for that reason exempt from the operation and effect of the railroad acts, being reserved expressly from their operation by the provisions of such acts. It is necessary, therefore, to consider the effect of parol proof of the character of the land, when offered by the defendant in ejectment, not to show title in himself but to defeat the title of the plaintiff.

In the case of *Prior v. Lambeth*, 78 Mo. 538, it was held, Commissioner PHILIPS rendering the opinion, that when the party plaintiff sues in ejectment claiming title from the State under the swamp land act of September 28th, 1850, it is incumbent on him to prove that the land claimed by him has been selected or designated as swamp land by the Secretary of the Interior, or he must prove a purchase or location which will bring his title within the operation of the confirming acts of March 2nd, 1855, and March 3rd, 1857. In the absence of any aid from the confirming acts, the selection or designation of the tract as swamp land by the Secretary of the Interior is a necessary condition to the investment of the State with a perfect title to it. The doctrine thus announced is in accord with the case of *French v. Fyan*, 93 U. S. 169, and *Stephenson v. Stephenson*, 71 Mo. 127.

Although the act provides for the issue of a patent, the title is regarded as vesting absolutely in the State upon the designation or selection of the Secretary of the Interior, since the patent when issued must conform with such selection. *Masterson v. Marshall*, 65 Mo. 94; *Smith v. Goodell*, 66 Ill. 450; *Bristol v. Carroll Co.*, 95 Ill. 84. But when the provisions of the swamp land act of 1850 are invoked by the defendant in an action of ejectment for the purpose of defeating a title derived under the railroad acts, does the same rule apply? Is it necessary for him to prove that the

tract has been selected as swamp land by the secretary, or will he be permitted to prove its character by parol evidence? I propose to consider this question briefly under the authorities, which are somewhat conflicting.

In the case of *Railroad Co. v. Smith*, 41 Mo. 310, the plaintiff, as in this case, made out a *prima facie* title under the railroad grants of congress. The defendant sought to impeach that title by parol proof of the character of the land, and the court, after a very able and exhaustive review of the whole subject, reached the conclusion that such evidence was admissible. The learned judge rendering the opinion conceded that such evidence would not be admissible to sustain or establish a swamp land title in the plaintiff asserting it in an action of ejectment. But he held it admissible to defeat a title under the railroad grants, when submitted by a defendant in ejectment. The ground upon which this distinction was placed was that if the land was swamp and overflowed, then it was by the provisions of the railroad grants excepted from their operation and effect; in other words, it was reserved by the government for other purposes, and the officers of the land department had no authority to grant or convey it to railroads or to any one else.

The case was taken by writ of error to the Supreme Court of the United States, where it was affirmed. *Railroad Co. v. Smith*, 9 Wall. 95. The fact of affirmance was accepted in some cases as an approval of the principle announced in the decision without qualification or limitation of any kind whatever. *Clarkson v. Buchanan*, 53 Mo. 563; *Campbell v. Wortman*, 58 Mo. 258; *Railroad Co. v. Snead*, 65 Mo. 239; *Funkhouser v. Peck*, 67 Mo. 19. But an examination of the statement and opinion in the case as reported in the federal court, shows that the principle announced below was accepted with a very important qualification. In his statement of the case the reporter says: "No evidence was introduced by him (defendant) tending to show that the land in suit was ever certified as swamp land by the

Secretary of the Interior, or that the same was ever patented as such to the State of Missouri. Nor was this pretended. In fact, the correspondence of the land department of the United States showed that the secretary had no sufficient evidence to enable him to make such certificates." 9 Wall. 96.

The decision of the court was placed expressly upon the ground of the failure or neglect of the Secretary of the Interior to decide what was and what was not swamp land. It appeared from the evidence in the case that the secretary had not acted at all, although many years had passed since the duty of acting had been imposed on him. The import of the decision was, that parol evidence was admissible to show the character of the land when it appeared that the character had not been determined by the action of the secretary; otherwise the State might be deprived of the bounty of the general government by the neglect of its officers to do their duty. The reasoning to support the conclusion of the court I conceive to be somewhat unsound, but I have no occasion to consider it here. Justice Clifford dissented from the opinion of the court, maintaining that the power to designate the character of the lands was vested solely in the Secretary of the Interior, and that no court or jury was empowered under the act to make the required lists and plats or to determine what should be included in them; the right to do this was not vested in them by the neglect of the secretary. The learned judge went further than any court has yet gone, and held that the title did not vest in the state till the list of the secretary was followed by a patent.

This same question about the admissibility of parol testimony, came again before the Supreme court of the United States in *French v. Fyan*, 93 U. S. 169. The plaintiff sought to impeach the validity of a patent issued to the State of Missouri, under the swamp land act of 1850, by proving that it was not swamp or overflowed land, and in support of his position cited the case of *Railroad Co. v.*

*Smith,* 9 Wall. 169. His right to such evidence was very pointedly denied by the court, whose opinion was rendered by the same distinguished jurist giving the opinion in the case cited by the plaintiff, who undertook to explain the meaning and import of that decision. He remarks : " The admission (of parol evidence) was placed expressly on the ground that the Secretary of the Interior had neglected or refused to do his duty; that he had made no selection or lists whatever, and would issue no patents, although many years had elapsed since the passage of the act." In concluding his opinion he adds that " if in that case the secretary had made any decision the evidence would have been excluded." The principle laid down in *French v. Fyan* is, that the right to determine the character of the lands belongs to the Secretary of the Interior, and that his action, whether evidenced by a certified list or by a patent, is conclusive on every one in an action of ejectment.

This principle, as applying to a defendant in ejectment, has been approved by our Supreme Court in *Birch v. Gillis,* 67 Mo. 102. In the latter case the defendant was seeking to defeat a patent given to a purchaser subsequent to the act of 1850, by proving that the land was swamp and overflowed land within the meaning of the act, and therefore not subject to sale or pre-emption in 1859. The court held that parol evidence was not sufficient to establish the character of the land, and that evidence of its selection by the Secretary of the Interior was necessary. The only departure from this principle approved by the court to whom belongs the duty of determining finally these questions under the acts of congress, is made to depend upon the neg lect or refusal of the Secretary of the Interior to make out and certify the lists indicating the character of the lands. *Railroad Co. v. Smith,* 9 Wall. 169.

It is true that in *French v. Fyan* and *Birch v. Gillis,* the parol testimony held to be inadmissible was invoked to defeat the validity of patents. But there is no distinction in principle as to the impropriety of admitting parol testi-

mony to defeat the effect of the certified lists of railroad grants, any more than to defeat the effect of patents issued in pursuance of law ; and in the case of *French v. Fyan*, no distinction was pretended. See also *Campbell v. Wortman*, 58 Mo. 258. In *Railroad Co. v. Smith*, 41 Mo., the court admitted parol evidence for the purpose of proving that the lands contained in the railroad lists had been reserved by congress for other purposes. It was claimed that this could be done by proof of the character of the lands. But if the lands were reserved from sale, then patents equally with certified lists would be null and void.

In the language of a recent case "a patent may be collaterally impeached in any action and its operation as a conveyance defeated by showing that the department had no jurisdiction to dispose of the lands; that is, that the law did not provide for selling them, or that they had been reserved from sale or dedicated to special purposes, or had been previously transferred to others." *Smelting Co. v. Kemp*, 104 U. S. 646. Parol evidence is admissible to show this, when that kind of evidence is contemplated or provided for in the acts of congress which assume to confer title. *Sherman v. Buick*, 93 U. S. 209; *Morton v. Nebraska*, 21 Wall. 660. No officer of the government has the right to give a patent or certificate of transfer to any land reserved by congress from sale. While the title remains reserved still in the government, it requires an act of congress to take it out and give it to another. *State v. Ham*, 19 Mo. 602. After congress has made transfer of it the title is equally beyond the power of congress, as well as the department officers, to transfer it to another. The fact that under the act of congress it is provided that the Commissioner of the General Land Office shall not include the swamp and overflowed lands in his certificates of railroad lands, and that his certificates to the railroads of such lands should be null and void, adds nothing to the force of the argument in favor of admitting parol evidence. The swamp and overflowed lands having been reserved from sale, any

certificates or patents of sale would be void without such provision or declaration.

The question in this case concerns the admission of parol evidence to determine the truth of a fact committed by the act of congress to the Secretary of the Interior. The 2nd section of the act of 1850 provides "that it shall be the duty of the Secretary of the Interior, as soon as may be practicable after the passage of this act, to make out an accurate list and plats of the lands described as aforesaid, and transmit the same to the governor of the state." The 3rd section provides "that in making out a list and plats of the lands aforesaid, all legal subdivisions, the greater part of which is wet and unfit for cultivation, shall be included in said list and plats; but when the greater part of a sub-division is not of that character, the whole of it shall be excluded therefrom." If the Secretary of the Interior has acted in the matters here committed to him, is not his action conclusive in an action at law upon all persons? Can the verdict of a jury be substituted for these lists and plats? According to the accepted doctrine of the most recent cases his action is conclusive and binding on all parties. *French v. Fyan*, 93 U. S. 169; *Bristol v. Carroll Co.*, 95 Ill. 84; *Hendry v. Willis*, 33 Ark. 833; *Cahn v. Barnes*, 7 Sawyer C. C. 48; *Birch v. Gillis*, 67 Mo. 102.

Over thirty years have elapsed since the duty of making out these lists and plats was imposed on the secretary, and in the absence of proof to the contrary, it must be presumed that he has acted and discharged his duty. When at this late day the defendant insists on submitting parol evidence of the character of the lands under the act of 1850, what will that evidence avail him? If the secretary has acted, his action concludes him. The secretary's list is the best evidence of the character of the lands. And if he seeks to submit other evidence rising from the necessities of the case, as permitted in *Railroad Co. v. Smith*, 9 Wall. 95, it is incumbent on him to rebut the presumption of the existence of the primary evidence in the action of the sec-

Palmer v. Boorn.

retary by showing that he has neglected or arbitrarily refused to act at all; the foundation being laid for the admission of secondary evidence, he will, under the authority of the case last cited, be permitted to prove by parol testimony the character of the lands, which will, for his protection, stand in the place of the decision of the secretary until that decision is made. The recent case of *Iowa Railroad Land Co. v. Antoine*, 52 Iowa 429, is in all respects similar to the one we are now considering. In that case it was held that parol evidence was not admissible to impeach a title under the railroad acts, by proof that the lands were in fact swamp and overflowed lands; the court held it incompetent in an action at law.

This principle is applicable to defendant as well as plaintiff in actions of ejectment. The purchasers from the railroads hold under the acts of congress, and their titles thus acquired in good faith in every portion of the State, should be protected by the same rules of evidence which protect other titles and rights. There is neither law nor policy in permitting their titles to be overthrown at the behest of every squatter who feels able to persuade a jury that the land in controversy was wet and unfit for cultivation thirty-four years ago. As the defendant in this case offered parol testimony as to the character of the land, without pretending to account for the absence or non-existence of the evidence provided by the acts of congress in the decision of the Secretary of the Interior, his testimony was properly held to be insufficient and incompetent to establish the character of the land, so as to defeat the title of the plaintiff.

All concurring, the judgment is affirmed.

NORTON, J., absent.