A. T. BIGELOW, Appellant, v. SAMUEL HOOVER, *et al.*, Appellees.

85  161
d96  422
85  161
f109   9
85  161
112  720
85  161
117  100

1. **Accretions:** TITLE: EVIDENCE. Where the place occupied by an island in a lake was marked upon the plat of the government survey of 1851 as "bayou," but the island was shown to have existed before the government survey, and had since by accretion become joined to the mainland, *held*, that the owner of the land to which said island has become joined was not entitled to said island as accretion to his land.

2. ———: ———: ———. In such case the alluvial deposits should be equally divided between the respective owners of the island and of the portion of the mainland to which it has become joined.

3. **Appeal:** RECORD: COSTS. Where upon appeal immaterial portions of the record are included in the abstract, the cost thereof will be taxed to the party incurring the same.

*Appeal from Woodbury District Court.*—HON. GEORGE W. WAKEFIELD, Judge.

MONDAY, MAY 16, 1892.

THE plaintiff, being the owner of lot 1 in section 31, and lot 4 in section 33, township 78, range 74, Woodbury county, brought this action to establish and quiet title in him, and to recover damages for rents and waste, to what is now called "Hoover's Island," under the claim that the same is an accretion to his said lots. He afterwards filed his petition to enjoin the defendants from committing waste on said land, and thereafter his further petition to recover damages for timber cut and taken from said land. The defendants answered admitting the plaintiff's ownership of said lots 1 and 4; denying that the land in question is any part thereof, or accretion thereto; denying that they have committed any waste; and alleging that said Hoover's island belongs to the United States; that one Combs took possession thereof, intending to enter the

VOL. 85—11

same under the pre-emption or homestead laws when it should come into market, about eighteen years ago; that he signed his right of pre-emption; that the same has come to the defendants by successive assignments; that the land has been continuously occupied for said eighteen years, and is now occupied by the defendants with the intention to perfect title under the pre-emption or homestead laws as soon as the land is opened for such purpose. The cause was submitted to the court and tried, without objection, as in equity. The court found that the defendants are in possession of Hoover's island; "that the accretions in question are adjacent to said island, to plaintiff's lots and to other property," and decreed a division of the accretions between said lots and island according to certain lines set forth in the decree. From this decree the plaintiff appeals.—*Affirmed.*

*J. S. Lawrence* and *J. H. Quick*, for appellant.

*John W. Weaver*, for appellees.

GIVEN, J.—I. The case having been tried below as an equity cause, without objection, it will be so considered on this appeal. This is not a contest between titles. The inquiry is simply whether the plaintiff has title, or, in other words, whether what is now known as "Hoover's Island," or any part thereof, is a part of the plaintiff's lots by reason of being accretion thereto. It is difficult to express accurately in words the present shape and condition of the island, but the following will be sufficient for the purposes of the case: It is a pear-shaped body of land, with the neck or narrow end pointing southwest, towards the channel of the Missouri river. It is entirely surrounded by the waters of Brown lake, and separate from all other land except the plaintiff's lots, which adjoin the neck or

1. ACCRETIONS: title: evidence.

narrow point on the east and west sides thereof.    The island has been occupied for a number of years, and is now resided upon by the defendants; a considerable portion thereof being available for cultivation, portions of the surface being quite elevated and entirely above high-water mark.    The plat of the government survey made in 1851 does not show any island, but marks the space where the island now exists as "bayou."    The testimony of a number of witnesses familiar with the locality shows, however, that an island did exist there prior to that survey, and the size and age of trees shown to have been cut from that land leaves no doubt in our minds but that an island existed there at and before the survey.    No doubt it was much smaller and less noticeable than now.    The testimony is reconciled by the conclusion that the island, as it then existed, was not deemed of sufficient importance to survey or plat.    We conclude that, notwithstanding what appears in the government plat, the island did exist at the time of the survey as a separate and distinct body of land from the plaintiff's lots, and the plaintiff is not, therefore, entitled to the whole island as accretion to his land.

II. It is evident that, since the government survey, land has been formed by accretion between what was then the island and the plaintiff's lots. The ownership and title to the island being in the government, it is entitled to additions thereto by accretion the same as if it were owned by an individual. *Benson v. Morrow*, 61 Mo. 345,—a case similar in its facts to this.    It surely cannot be said that this alluvion that was gradually deposited against this island and the plaintiff's lots belongs entirely to the one or the other.    In such cases the additions to the lands must be divided, and this the district court did in its decree, with marked care and due regard to the rights of the plaintiff.

III. Appellees move to tax the costs of certain parts of the abstract to the appellant on the ground that they are redundant, and immaterial on this appeal. An examination of the abstract leads us to the conclusion that there are twelve pages thereof that were entirely unnecessary to be set forth, and should not have appeared in the abstract. The motion will be sustained and appellant taxed with the costs of these twelve pages at one dollar per page.

<span style="margin-left:2em">3. APPEAL: record: costs.</span>

In view of the conclusion reached on the merits, appellees' motion to dismiss need not be noticed. The decree of the district court is AFFIRMED.