Burgess, J.
Ejectment for eighty acres of land in Mississippi county, Missouri. The petition is in the usual form, and the answer a general denial.
At the conclusion of plaintiff’s evidence, defendant asked an instruction in the nature of a demurrer to the evidence, which was refused, and defendant excepted. No evidence was offered by defendant. The court then rendered judgment for plaintiffs for possession of the land, from which said judgment defendant appealed.
' It is contended by defendant that plaintiffs failed to show a regular chain of title from the government of the United States for the land in question, and were, therefore, not entitled to recover. The only title that plaintiffs showed was derived through mesne conveyances from Mississippi county under swamp land patents issued by that county, but they did not show any title in the county.
As plaintiffs claimed the right to possession on the *210 ground that the legal titlo to the land. was vested in-them, it devolved upon them to show a regular chain of' title from the government. In this they failed. They did not show that the land had ever been patented or granted by the state to the county. Stephenson v. Stephenson, 71 Mo. 127.
By section 65M, Revised Statutes, 1889, all patents of swamp lands issued by the state to the counties in which they lie, or certified copies thereof issued by the register of lands or the recorder of the proper county, are made prima facie evid.ence of the title in the counties where-such swamp lands severally lie, but no such evidence-was offered in this case.
In the absence of a regular chain of title plaintiffs-were not entitled to recover. The demurrer to the-evidence should have been sustained. The judgment is reversed, and the caused remanded.
All of this-division concur.