HEMPHILL LUMBER COMPANY, Appellant, v. D. A. PARKER.

### Division Two, October 4, 1923.

1. **TITLE: Unsurveyed Slough.** Title to the unsurveyed area of a slough, which was neither listed nor selected as swamp land by the Secretary of the Interior as required by the Act of Congress of September 28, 1850, did not vest in the State of Missouri by said act, and a patent from the State to the county in which said slough was situated conveyed only the surveyed areas shown by the official Government survey and plat incorporated by reference in the grant.

2. ———: ———: **Included in Grant of Township.** The unsurveyed area within the exterior lines of a township, designated upon the official Government plat as a meandered body of water called "Gum Slough" and never selected or designated by the Secretary of the Interior as swamp land, was not conveyed to the State of Missouri by the Swamp Land Act of Congress of September 28, 1850, nor by the patent to the State which described the land granted as the whole of a fractional township and containing a specified number of surveyed and platted acres, which corresponded to the number of acres of the surveyed areas, nor by the patent from the State to the county in which the slough is situated, made in pursuance to the Act of March 10, 1869, and reciting that the lands, therein described according to such official plat, have been patented as swamp and overflowed lands, although at the time of said survey and for many years thereafter said slough was navigable by small boats, but in time gradually filled with sediment, and now, because of the construction of a levee along one side, has become dry in ordinary seasons.

Appeal from Cape Girardeau Circuit Court.—*Hon. Frank Kelly,* Judge.

AFFIRMED.

*Hugh B. Pankey* for appellant.

(1) A patentee or grantee is not chargeable with any neglect of duty on the part of the county in its

sales of land owned by it, but only chargeable with the duty that the statutes place on the patentee, that of paying the statutory consideration therefor of $1.25 per acre. Laws 1869, p. 66; Laws 1868, p. 69; Sec. 6994, R. S. 1919; Mosher v. Bacon, 229 Mo. 338; Bayless v. Gibbs, 251 Mo. 492; Phillips v. Union Trust Co., 214 Mo. 669; Wheeler v. Reynolds Land Co., 193 Mo. 279; Sexton v. Dunklin County, 246 S. W. 195; Whitman v. Giesing, 224 Mo. 600. (2) By legislative enactment Dunklin County had power and authority to convey and sell lands owned by it. Secs. 6994, 7029, 7030, R. S. 1919; Sturgeon v. Hampton, 88 Mo. 203; Cape Girardeau S. W. Ry. Co. v. Hatton, 102 Mo. 55; Simpson v. Stoddard County, 173 Mo. 425. (3) Land patents issued by the county or the State are not required to contain every evidence that every condition is complied therewith and are not subject to collateral attack. Chouteau v. Allen, 70 Mo. 390; Russ v. Sims, 261 Mo. 27; Frank v. Goddin, 193 Mo. 390, 112 Am. St. 493; State v. Dines, 206 Mo. 649. (4) Cutting and moving timber, keeping off trespassers, payment of taxes, bringing suits to quiet title are acts of ownership and likewise are evidence of claim of title. Himmelberger-Harrison Lbr. Co. v. Craig, 248 Mo. 319; Thompson v. Stillwell, 253 Mo. 89. (5) The character of the lands in dispute are such as come within the purview of the Act of Congress of September 28, 1850, Ch. 84, 9 U. S. Stat. 519, and the Act of Missouri of March 10, 1869, Laws 1869, p. 66, and therefore under said grant were intended to and did belong to the State of Missouri, and by legislative enactment the State of Missouri passed said title to Dunklin County, and Dunklin County by its patents transferred its title to various grantors of this appellant. Hannibal v. Smith, 9 Wall. (U. S.) 95, 19 L. Ed. 599; Chapman Land Co. v. Bigelow, 206 U. S. 41, 51 L. Ed. 952; Little v. Williams, 231 U. S. 335, 58 L. Ed. 356; Chapman Land Co. v. St. Francis Levee Dist., 232 U. S. 186, 58 L. Ed. 564; Laws 1868, p. 69; Hannibal v. Smith, 41

Mo. 310; Lee Wilson & Co. v. United States, 245 U. S. 24; 62 L. Ed. 128.

*John T. McKay* for respondent.

(1) The surveyed lands surrounding the land in controversy constitute a part of what is known as the swamp lands, donated by Act of Congress of 1850 from the Government to the State, and by the State to the counties in which the various lands lie by act of the Legislature in 1853, followed by a patent from the State to the county. Clarkson v. Buchanan, 53 Mo. 563. (2) This land lies along and adjacent to St. Francis River, which is a navigable stream within the meaning of the law of this State. Benson v. Morrow, 61 Mo. 345; Weller v. Lumber Co., 176 Mo. App. 256; State ex rel. v. Taylor, 224 Mo. 393; Northcut v. Lumber Co., 187 Mo. App. 386; Hobart v. Hall, 174 Fed. 433; Hubbard v. Fort, 188 Fed. 987. (3) St. Francis River having been shown to be a navigable stream in fact within the meaning of the law, and defendant having purchased an island in the river, as shown by the original Government survey of Township 17, Range 7, said island being designated as "Gum Island," and being portions of Sections 14, 15 and 22 in said Township 17, and according to the plat as shown, being high land at the time of the purchase from the county and the land in controversy having been added to the island by accretion and reliction, covering a period of twenty years or more, the title to all of said land is in the defendant, by the law of accretion and reliction. Buse v. Russell, 86 Mo. 209; Benson v. Morrow, 61 Mo. 345; Cooley v. Golden, 117 Mo. 33; McBaine v. Johnson, 155 Mo. 191; Frank v. Goddin, 193 Mo. 390; Lumber Co. v. Ripley County, 270 Mo. 130. (4) Grants by the United States of its public lands, bounded by streams and other waters, made without reservation or restriction are to be construed as to their effect, according to the law of the State in which the lands lie. Hardin v. Jordan,

140 U. S. 371; Barney v. Keokuk, 94 U. S. 324; McBaine v. Johnson, 155 Mo. 191; Moore v. Farmer, 156 Mo. 48; Hobart v. Hall, 174 Fed. 433; Frank v. Goddin, 193 Mo. 390. (5) An accretion becomes a part of the land to which it is built, and follows whatever title covers the main land, whether the title be by deed or title by possession. Benne v. Miller, 149 Mo. 228. (6) It is a conceded fact that portions of Sections 14, 15 and 22, known as Gum Island, were surveyed and sold as highland and that, east of said island and between it and the main land, which is also highland, lies an arm of the river which is known as Gum Slough. The testimony shows that this slough filled up from Gum Island toward the main land by accretion and reliction, and this land in the bed of said slough constitutes the land in controversy and the title to the same is in the defendant and the plaintiff had no right, title or interest in the same. Benson v. Morrow, 61 Mo. 345; Buse v. Russell, 86 Mo. 214.

WALKER, J.—This is an action to quiet title to a tract of 660 acres lying within the meander lines of Gum Slough, as shown on a copy of an official plat and survey of fractional Township 17, Range 7, east, in Dunklin County, approved by the Surveyor-General and filed in the office of the county clerk in 1849. This slough is on the east side of Gum Island, and connects with the St. Francis River at the north and south ends of the island, the river being the west boundary of the island, which is about a mile and a quarter long and contains about 400 acres. The plat shows that the island and the land lying east of the slough were surveyed and subdivided, but the lines end at the margin of the slough. The evidence shows that the surveyors did not survey the land covered by the slough, for the reason that the water was too deep to permit of a survey. It appears from defendant's evidence that at the time of the survey and for many years thereafter Gum Slough was navigable for much of the time every year by boats of two

or three feet draft. In time, however, by deposits of leaves and sediment, the slough gradually filled, so that for some years before this suit was brought, which was in June, 1919, it became dry land in ordinary seasons. Plaintiff's evidence tends to show that the drying up of the slough was caused by a levee and ditch constructed along its east side many years before this suit was brought.

It is conceded that Gum Island and the land lying east of the slough were swamp or overflowed lands, and that the area covered by Gum Slough was never selected or designated by the Secretary of the Interior as swamp land. Plaintiff read in evidence a swamp-land patent from the State of Missouri to Dunklin County, executed pursuant to the Act of March 10, 1869, relating to swamp and overflowed lands, granted and patented to the State of Missouri by an act of Congress approved September 28, 1850, and reciting that the tracts thereinafter described have been patented as swamp and overflowed land by the United States to the State of Missouri, and situate in Dunklin County, to-wit: Here are described a large number of tracts, including the whole of fractional Township 17, Range 7 east, containing in all, 7522.06 acres, according to the official plats of survey of said lands returned to the General Land Office by the Surveyor-General.

In the year 1906, the County Court of Dunklin County ordered the land in Indian Hill and Gum Slough, "which lands had not been surveyed," to be surveyed and platted. A survey and plat were accordingly made and approved by the court as showing "an area of land in excess of that shown on the Government plat book heretofore used in the office of the clerk of this court, which excess has been formed by the recession and abandonment of the waters of what is known as Indian Hill and Gum Sloughs." Thereafter the county court ordered this area, including the tracts in controversy, to be sold as swamp lands. This was accordingly done,

and a deed was made by the County of Dunklin to the plaintiff. Plaintiff and those under whom it derives title have paid taxes on the land for ten years before this suit was commenced.

It is admitted that the defendant owns Gum Island. He claims title to the land in controversy by the right of accretion.

The case was tried to the court without a jury. After the evidence was in, by stipulation the cause was transferred to Cape Girardeau County where it was finally submitted. No declarations were asked or given.

The court found and decreed that the plaintiff has no right, title or interest in the land claimed in the petition, and that it had no authority to pass upon the title set up and claimed by the defendant, for the reason that parties necessary to determine such title were not before the court in this action. It is stated in appellant's brief that the learned trial court suggested that if the title were anywhere it was in the United States.

The only assignment of error is that the court erred in failing to find the title to the lands in controversy to be vested in the appellant. The contention is that the land being swamp and overflowed land, the title passed to the State by virtue of the Act of September 28, 1850.

In Hannibal & St. Jos. Railroad Co. v. Smith, 41 Mo. 310, in an action of ejectment, it was held that the defendant might prove by parol evidence as a defense that the land sued for was swamp and overflowed land, made thereby unfit for cultivation, so as to bring such land within the terms of the grant or reservation made by the Act (of Congress) of September 28, 1850 (9 U. S. Stat. 519), although the lists and plats to be made by the Secretary of the Interior, provided for in the act, had not been made and transmitted to the Governor, and no patent had been issued. In other words, the Act of Congress constituted a present grant, vesting an absolute title *proprio vigore* in the State of Missouri to such lands within her limits without issue of patent. [See Clarkson

v. Buchanan, 53 Mo. 563, 569.] This ruling was affirmed on writ of error in Han. & St. Jos. Railroad Co. v. Smith, 9 Wall. 95. These cases were not followed, however, in Palmer v. Boorn, 80 Mo. 99, where we held:

"In the absence of evidence that the Secretary of the Interior has neglected or refused to decide whether a tract of land, in controversy in an action of ejectment, is swamp or overflowed land, or not, within the Act of Congress of September 28, 1850, the defendant will not be permitted to show, by parol evidence, that it falls within that act, for the purpose of defeating a title held under the railroad land grant of Congress of June 10, 1852."

The patent from the United States to the State of Missouri was not offered in evidence, the appellant relying on the Act of Congress as a grant *in praesenti*.

We think it clear that title to the unsurveyed area of Gum Slough did not vest in the State of Missouri by the Congressional grant, it not having been listed and selected as swamp land conformably to the terms of the second section of the act. We are also of the opinion that the patent from the State to Dunklin County conveyed only the surveyed areas as shown by the official survey and plat which are incorporated by reference. In Chapman & Dewey Lumber Co. v. St. Francis Levee District, 232 U. S. 186, 34 Sup. Ct. Rep. 297 (quoting syllabi 1 and 2 from the latter volume), Mr. Justice VANDEVENTER said:

"1. The unsurveyed area within the exterior lines of a township, designated upon the official plat as a meandered body of water called 'Sunk Lands,' was not conveyed to the State of Arkansas by a patent from the United States, issued under the Swamp Land Act of September 28, 1850 (9 Stat. at L. 519, chap. 84), which described the land surveyed as the whole of the township, containing a specified number of acres (which corresponded to the total acreage of the surveyed areas), according to the official survey, although at the time of the survey and the date of the Swamp Land Act such un-

surveyed area was in fact not a lake or permanent body of water, but was only temporarily overflowed, and was not distinctly lower or materially different from the adjoining lands.

"2. The states acquired only an inchoate title under the Swamp Land Act of September 28, 1850, to lands which were never listed as swamp lands, although they may have been such in fact."

See also Little v. Williams, 231 U. S. 335, 34 Sup. Ct. Rep. 68.

The judgment is affirmed. All concur.